# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-208V
(Not For Publication)

* * * * * * * * * * * * * * * * * * * * * * * * * *
```
                                              *
HOWARD REDDY and                              *
HANAN TARABAY,                                *
as parents and natural guardians of           *
A.H.R., a minor,                              *    Filed: July 26, 2016
                                              *
                                              *
              Petitioners,                    *
                                              *    Vaccine Act Fees and Costs;
                                              *    Reasonable Basis, Untimely Filed
      v.                                      *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES                                *
                                              *
              Respondent.                     *
```
* * * * * * * * * * * * * * * * * * * * * * * * * *

*Marcus Michles, Pensacola, FL, for Petitioners.*
*Heather Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master*.

      In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"[1]), Petitioners seek, pursuant to 42 U.S.C. § 300aa-15(e)(1), an award for attorneys' fees and other costs incurred in attempting to obtain Program compensation.  After careful consideration, I have determined to grant the request in substantial part.

---

[1]     The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2012 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012 ed.).  The statutory provisions defining the Program are also sometimes referred to as the "Vaccine Act."

1

I

BACKGROUND LAW CONCERNING ATTORNEYS' FEES AND COSTS AWARDS

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases. §300aa–15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case -- in such cases, a special master "may" award fees, if the petition was filed in good faith and with a reasonable basis. *Id*. "The determination of the amount of reasonable attorneys' fees is within the special master's discretion." *Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. HHS,* 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. HHS,* 86 Fed. Cl. 201, 215 (2009); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Rupert v. HHS,* 52 Fed. Cl. 684, 686 (2002); *Wilcox v. HHS,* No. 90–991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees. *Perreira v. HHS,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. HHS,* No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec. 10, 2009), *aff'd,* 406 Fed. App'x. 479 (Fed. Cir. 2011); *Sabella v. HHS,* No. 02–1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part,* 86 Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433–34). Therefore, in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at *4.

The Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *See Saxton*, 3 F.3d at 1521; *Sabella*, 86 Fed. Cl. 201, 209 (2009); *see also Wasson v. HHS*, 24 Cl. Ct. 482, 484, 486 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) (holding that, in determining a reasonable number of hours expended in any given case, a special master may rely on her experience with the Vaccine Act and its attorneys, without basing his decision on a line-by-line examination of the fee application). A unanimous Supreme Court has articulated a similar holding:

> We emphasize, as we have before, that the determination of fees "should not result in a second major litigation." The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation." We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.

*Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal citations omitted).

## II

## PROCEDURAL BACKGROUND

The Petitioners, Howard Reddy and Hanan Tarabay, filed this petition on March 22, 2013, alleging a vaccine-caused injury to their minor child, A.H.R. (Petition, ECF No. 1.) On June 11, 2013, the case was assigned to Special Master Denise Vowell.

An evidentiary hearing was held on November 20 and 21, 2014. (ECF Nos. 48, 51, 53.) On August 26, 2015, Special Master Vowell filed her Decision denying Petitioners' claim for Program compensation. (ECF No. 57.) Petitioners did not seek review of that Decision, so that judgement denying their claim was entered on September 28, 2015. (ECF No. 61.)

Due to Special Master Vowell's imminent retirement, the case was reassigned to my docket on September 8, 2015. (ECF No. 58.)

On February 19, 2016, Petitioners filed an application seeking attorneys' fees and costs incurred in their attempt to gain compensation in this proceeding. (ECF No. 62.) They seek a total of $67,590.07 in fees and costs. Respondent filed a short Response on March 3, 2016, arguing that I should award a reduced amount in the range of $30,000 to $35,000, but offering no substantial analysis of the application. (ECF No. 63.) Respondent took the position that the Vaccine Act did not contemplate a "role for Respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs" (*id.*, p. 1), and requested that the special master "exercise his discretion" in determining a reasonable award (*id.*, p. 3).

III

DISCUSSION

*A. Good faith and reasonable basis*

After reviewing the record of this case, I find that this case was filed and prosecuted in good faith and with a reasonable basis.

As to "reasonable basis," I note that Special Master Vowell ultimately concluded, after hearing the testimony of witnesses and comparing them to the medical records, that this case was not timely filed. However, that does not mean that the claim was filed without a reasonable basis.

In a case that considered the issue whether fees can be awarded in an *untimely filed* case, the U.S. Court of Appeals for the Federal Circuit opined that, "[a] petitioner who asserts an unsuccessful but non-frivolous limitations argument should be eligible for a determination of whether reasonable attorneys' fees and costs incurred in proceedings related to the petition should be awarded." *Cloer v. HHS,* 675 F.3d 1358, 1359 (Fed. Cir. 2012). The *Cloer* court also discussed the standard for reaching such a determination of eligibility in untimely filed cases.

> The statutory language requiring a reasonable basis for the claim for which the petition was brought is broad enough to encompass the statute of limitations issue as well as the underlying merits of the claim. It is beyond dispute that Congress intended attorneys' fees to be awarded only in cases brought in good faith and where there was a reasonable basis for the claim underlying the petition, even where the petitioner does not prevail. The good faith and reasonable basis requirements apply to the claim for which the petition was brought; *this applies to the entire claim, including timeliness issues.*

675 F.3d at 1362 (emphasis added).

That decision in *Cloer* was appealed to the Supreme Court, and was upheld. In *Sebelius v. Cloer*, the Supreme Court agreed that attorneys' fees may be awarded even in untimely filed cases, if the petition was filed in good faith and had a reasonable basis. 133 S.Ct. 1886, 1896 (2013).

In this case, having reviewed the record, including Special Master Vowell's decision, I conclude that the Petitioners had a reasonable basis for asserting that their claim was timely filed, even though that special master did not ultimately find their argument to be persuasive.

*B. Amount of the award*

I have reviewed Exs. D and E filed with the fees application. Given the experience of the two attorneys involved, and the other information contained in the attorneys' affidavits, I find the claimed hourly rates to be reasonable.

I also find the costs claimed to be within the range of reasonableness.

4

As to the number of hours claimed, after examining the record as a whole, and based on my 27 years of experience in Vaccine Act cases, I find the hours to be somewhat high for the services provided. I will reduce the hours claimed for each attorney by 10 percent.

## IV

## CALCULATION OF AWARD

| | |
|---|---|
| Attorney Michles | 108.3 hours times (90%) = 97.47 x $360 = $35,089.20 |
| Attorney Bridges | 99.1 hours times (90%) = 89.2 x $200 = $17,840.00 |
| Expert costs | $8,106.41 |
| Other costs | $675.66 |

## V

## CONCLUSION

For the foregoing reasons, I award Petitioners $61,711.27 in attorneys' fees and costs. The award shall be made in the form of a check payable jointly to Petitioners and Petitioners' counsel of record. The Clerk of this Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

<u>/s/ George L. Hastings, Jr.</u>
George L. Hastings, Jr.
Special Master